UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRE MARINER MARCO TOWN
CENTER, LLC, a Delaware limited
liability company

       Plaintiff,

v.                                     Case No:  2:15-cv-284-FtM-29CM

ZOOM TAN, INC.,

       Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's *Emergency*[1] Motion to (1) Dissolve All Writs of Garnishment; (2) Stay Execution of Judgment Pending Appeal; and (3) Dissolve All Writs of Execution; Accompanying Memorandum of Law and Affidavit of Tony Toepfer ("motion to stay," Doc. 81). Plaintiff has filed a response in opposition.  Doc. 85.  For the reasons that follow, the motion is due to be denied without prejudice.

## I.  Background

On April 28, 2016, the Court granted Plaintiff's Motion for Summary Judgment in this breach of contract case, and on April 29, 2016 entered judgment in favor of Plaintiff, Bre Mariner Marco Town Center, LLC ("Bre Mariner"), in the amount of $252,796.52, plus interest, attorney fees, and costs.  Docs. 70, 71.  On May 27, 2015,

---

[1] The motion was inappropriately labeled as an "emergency" as the Court explained in its previous Order taking this motion under advisement.  Doc. 82 at 2.

Defendant Zoom Tan, Inc. ("Zoom Tan") filed a Notice of Appeal.   Doc. 75.   At no time since the entry of judgment has Defendant filed a supersedeas bond or has the Court granted a stay of execution.

On May 26, 2016, Plaintiff filed an Ex Parte Application for Writ of Execution to Fifth Third Bank.   Doc. 73.   Plaintiff requested the Court to direct the Clerk to issue a writ of execution.   *Id.*   Plaintiff provided the writ of execution form to the Court.   *Id.*   On July 7, 2016, after reviewing the relevant legal authority, the Court granted Plaintiff's request and directed the Clerk to issue to Bre Mariner one original copy of the writ of execution provided by Plaintiff, which the Clerk did the following day.   *Id.*, Doc. 79.   On July 29, 2016, Plaintiff's attorney filed with the Court Plaintiff's Notice of Service of Writ of Garnishment.   Doc. 80.   The Notice stated

> You are notified that Garnishee Fifth Third Bank, has been served a Writ of Execution, issued in this action. Attached to this Notice are copies of Plaintiff's Ex Parte Application for Writ of Execution to Fifth Third Bank, Ex Parte Order, Writ of Execution, Notice to Defendant against Garnishment of Wages, Money and Other Property, and Claim of Exemption and Request for Hearing. . .

Doc. 80 at 1.

In its motion to stay, Defendant seeks to dissolve the "writ of garnishment" directed to Fifth Third Bank as procedurally improper, seeks a stay of execution of judgment in this action "with the promised posting of a supersedeas bond," and seeks "to dissolve all [w]rits of [e]xecution" as moot.   Doc. 81 at 2-3.   The Court will address each request in separate sections below.   As to Defendant's request to dissolve the "writ of garnishment," because no such writ was entered by the Court (despite the parties' belief that it did), this request is moot.   As to Defendant's

remaining requests, because it has failed to post a supersedeas bond despite its representation that it would do so "no later than August 8, 2016," they are due to be denied without prejudice.

### A.   Defendant's Request to Dissolve the Writ of Garnishment

Zoom Tan asserts that Bre Mariner failed to separately file a motion or *ex parte* application "for the Writ of Garnishment served on Fifth Third Bank, or for any other Writ of Garnishment that it may have also secured," and its application for a writ of execution is not sufficient because a writ of garnishment is a different form of post-judgment relief from a writ of execution.   Doc. 81 at 2, 5.   Consequently, Zoom Tan argues that it was deprived of its statutory and due process right to seek dissolution on the ground that any allegation in such motion or application for the writ of garnishment is untrue under Florida Statutes Section 77.07.   *Id.* at 5.

In response, Plaintiff states that its application for a writ of execution to Fifth Third Bank cited the Florida garnishment statute, and "[n]otwithstanding Plaintiff's reference to Florida's garnishment statutes, [U.S.] Magistrate [Judge] Mirando correctly concluded that Plaintiff satisfied the requirements to obtain a writ of execution pursuant to chapter 56, Florida Statutes."   Doc. 85 at 3.   Plaintiff proceeds to argue that its "writ of garnishment" to Fifth Third Bank was procedurally proper and that Plaintiff complied with chapter 77, Florida statutes relating to writs of garnishments.

As noted, Plaintiff filed an Application for writ of execution to Fifth Third Bank.   Its application was pursuant to "Federal Rules of Civil Procedure 64 and 69

and chapter 77, Florida statutes." Doc. 73 at 1. In its wherefore clause, Plaintiff requested an entry of an order directing the Clerk to issue a "writ of execution" against Fifth Third Bank. *Id.* at 2. Plaintiff also provided the Court the writ of execution form that it sought the Clerk to enter. Doc. 79. Thus, despite merely citing chapter 77, Florida Statutes in its introductory paragraph, everything else in its motion suggested that Plaintiff sought a writ of execution. Accordingly, the Court granted its request and directed the Clerk to do exactly what Plaintiff sought, issue a writ of execution. In doing so, the Court cited the proper legal authority for a writ of execution. The Court wrote,

> Pursuant to Fed. R. Civ. P. 69, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located. . . ." Fed. R. Civ. P. 69(a). Under Florida law, a judgment creditor may request that the clerk of court issue a writ of execution in order to satisfy the amount of a judgment. *See* Fla. Stat. § 56.021. In Florida, "[o]n any judgment against a corporate judgment debtor, the judgment creditor may have an execution levied on the current money as well as on the goods and chattels, lands and tenements of the corporate judgment debtor." Fla. Stat. § 56.09.

Doc. 78 at 2. Next, finding that pursuant to Fed. R. Civ. P. 69 Plaintiff was free to seek execution of the judgment because no stay had been issued, the Court granted Plaintiff's request, and the Clerk issued a writ of execution. *Id.* at 3. Because Plaintiff did not request a writ of garnishment, no such writ was issued.

As Defendant points out, although execution and garnishment are two similar forms of final process, Florida Statutes separately lay out the requirements for a writ of execution and a writ of garnishment. *See* Fla. Stat. §§

56.0101 *et seq.*, 77.01 *et seq.*   As stated previously, pursuant to Rule 69, enforcement of a judgment shall be through writ of execution unless the court directs otherwise. Fed. R. Civ. P. 69.   The court may order other remedies that accord with the procedure of the state where the court is located.   Fed. R. Civ. P. 69(a)(1).   Florida law provides for the remedy of garnishment pursuant to Fla. Stat. § 77.01 *et seq.* Pursuant to section 77.03, Florida Statutes, after a plaintiff obtains judgment against a defendant but before the writ of garnishment is issued, the plaintiff must file a motion stating the amount of the judgment.   Regarding the form of the writ of garnishment, the statue states

> The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion. . . .

Fla. Stat. § 77.04.   If the defendant is an *individual*, the Clerk of Court must attach to the writ a Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property in the specific terms provided by the statute.   Fla. Stat. § 77.041. In this case, the Court entered a writ of execution as requested by Plaintiff, and not a writ of garnishment, hence none of the language required by section 77.04 was included.   Had Plaintiff filed a motion for writ of garnishment, the Court would have entered one in compliance with section 77.04.

Plaintiff states that the application for a writ of execution to Fifth Third Bank included all necessary allegations to obtain a writ of garnishment pursuant to chapter 77, Florida Statutes, and a writ of execution, pursuant to chapter 56, Florida Statutes. Doc. 85. Further, it states, because the Court issued the writ of execution, Plaintiff did not file a motion for writ of garnishment. *Id.* It appears that Plaintiff is using chapter 56 and chapter 77 interchangeably and has taken it upon itself to issue a hybrid writ of execution/garnishment on Fifth Third Bank. *See* Doc. 80. For instance, in its "Notice of Service of Garnishment" filed with the Court, Plaintiff advises Defendant that "Garnishee Fifth Third Bank" has been served a "writ of execution" and advises Defendant that it must move to dissolve the writ within twenty (20) days after the date in the Notice if any allegation in the Plaintiff's motion is untrue. *Id.* at 1. This notice filed by Plaintiff seems to be in compliance with section 77.055, Florida Statues relating to writ of garnishment notices. This section, however, also requires that Plaintiff serve such notice "[w]ithin 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired." Fla. Stat. § 77.055. In this case, Fifth Third Bank has not filed an answer,[2] and it is not surprising because it was not required to do so when it was served with a writ of execution to which Plaintiff (and not the Clerk) attached the Notice to Defendant of Right Against Garnishment Wages and Other Property and the Claim of Exemption and Request for Hearing forms, neither of which apply to corporate defendants even if it were a

---

[2] Nothing in the Court file indicates that Fifth Third Bank filed an answer, and neither Plaintiff nor Defendant state that it has done so. See Docs. 81, 85.

writ of garnishment.   See Fla. Stat. §§ 77.04, 77.041.

Accordingly, because Plaintiff sought and received a writ of execution, and not a writ of garnishment, Defendant's request to dissolve a writ of garnishment is moot for there is no writ of garnishment to dissolve.   The Court agrees with Plaintiff that the information in its application for a writ of execution was sufficient to grant it a writ of garnishment, had it requested one.   To the extent Plaintiff wishes to move for a writ of garnishment, however, it is free to do so because the Court declines to stay execution on the judgment for the reasons stated in the following section.

## B.   *Defendant's Request to Stay of Execution of Judgment*

Zoom Tan requests a stay of execution of judgment because "[alt]hough it inadvertently failed to seek a stay of execution of judgment and post a supersedeas bond previously, Zoom Tan expects to post a bond for $277,267.22 (which constitutes the amount of judgment plus 9.68% interest) as soon as possible, *no later than August 8, 2016.*"   Doc. 81 at 2 (emphasis added).   In fact, Zoom Tan has filed a sworn affidavit by its President, Tony Toepfer, who states that he has directed defense counsel to "immediately secure a surety company to post an appeal or supersedeas bond in the amount of $277,267.22."   Doc. 81 at 11-12.   Despite these representations, to date, no bond has been posted.   Accordingly, until a bond is posted and approved by the Court, Defendant's request to stay execution is denied without prejudice.

As the parties were advised in a previous Order by the Court (Doc. 78), Rule 62, Federal Rules of Civil Procedure, governs a stay of proceedings to enforce a

judgment.  Stays of monetary judgments are ordinarily sought under either Fed. R. Civ. P. 62(d) or 62(f).  Under Rule 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond[, . . . and t]he stay takes effect when the court approves the bond."  The supersedeas bond requirement is intended to protect the interest of the creditor's right under a judgment during the pendency of the appeal. *Prudential Ins. Co. of Am. v. Boyd,* 781 F.2d 1494, 1498 (11th Cir.1986).  "Absent a stay on some ground, plaintiffs are free to seek execution of the judgment, pursuant to Fed. R. Civ. P. 69."  *Acevedo-Garcia v. Vera-Monroig,* 296 F.3d 13, 17 (1st Cir. 2002).  Here, although Defendant represented that it intends to post a bond, such a statement alone is insufficient to stay execution on a judgment, particularly in light of the fact that Defendant's assertion that it would post a bond by August 8, 2016 was false.  Until Defendant posts a supersedeas bond, moves for approval of the bond, and the Court approves the bond, Defendant's request to stay execution of judgment is denied without prejudice.

### C.  *Defendant's Request to Deny the Writ of Execution as Moot and Unnecessary*

Defendant recognizes that the purpose of a writ of execution is to ensure that a judgment creditor can collect on its judgment after appeal.  Doc. 81 at 8. Defendant contends, however, that Zoom Tan's posting of a supersedeas bond will render the writ of execution superfluous because the bond will ensure that Bre Mariner will be able to collect on the full amount of its judgment, plus costs, fees, and interests, if affirmed on appeal.  Doc. 81 at 9.  Because, however, Defendant has failed to post a bond, this argument is without merit.  Because this argument is

without merit, and because Defendant fails to otherwise comply with section 56.15, Florida Statutes, which outlines the procedure for challenging a writ of execution, Defendant's request to dissolve the writ of execution is due to be denied without prejudice.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Defendant's *Emergency* Motion to (1) Dissolve All Writs of Garnishment; (2) Stay Execution of Judgment Pending Appeal; and (3) Dissolve All Writs of Execution; Accompanying Memorandum of Law and Affidavit of Tony Toepfer (Doc. 81) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record